UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAURICIO ERNESTO CASTILLO AREVALO | * | Complaint for Declaratory |
| 3000 Upton Drive | * | Relief in the Nature |
| Kensington, MD 20895 | * | of Mandamus |
| | * | |
| ANGELA AREVALO CASTILLO | * | |
| 3000 Upton Drive | * | |
| Kensington, MD 20895 | * | |
| | * | |
| Petitioners | * | |
| v. | * | 28 U.S.C. §1331 and §1361 |
| CHAD WOLF | * | |
| Secretary of DHS | * | Civil Action Number |
| Office of the General Counsel | * | |
| U.S. Department of Homeland Security | * | |
| Washington, D.C. 20258 | * | |
| | * | |
| KENNETH T. CUCCINELLI | * | |
| Director USCIS | * | |
| Office of the General Counsel | * | |
| U.S. Department of Homeland Security | * | |
| Washington, D.C. 20258 | * | |
| | * | |
| GREGORY COLLETT | * | |
| Acting Field Office Director | * | |
| Services Chief, Baltimore USCIS District Office | * | |
| U.S. Department of Homeland Security | * | |
| U.S. Citizenship & Immigration Services | * | |
| Fallon Federal Building | * | |
| 31 Hopkins Plaza | * | |
| Baltimore, Maryland 21201 | * | |
| | * | |
| Respondents | * | |

I.

INTRODUCTION

1. This is an individual action for declaratory and mandatory relief which is authorized by the Declaratory Judgment Act, 28 U.S.C. §1361 and the Administrative Procedures Act, 5 U.S.C.§551 et seq.  This action challenges the refusal by the Baltimore District Office of the United States Citizenship & Immigration Services (USCIS) to adjudicate the Application for Adjustment Application (hereinafter referred to as "I-485") filed by Applicant ANGELA AREVALO CASTILLO ("Mother") based on an approved I-130 Petition filed by her son MAURICIO ERNESTO CASTILLO AREVALO ("Son").

II.

JURISDICTION

2. This Court has jurisdiction over the present action pursuant to 28 U.S.C. §1331, Federal Question Jurisdiction; 28 U.S.C.§2201, the Declaratory Judgment Act; 5 U.S.C. §§ 555(b), 701 et. Seq., 701(a)(2), 702, 706(1), the Administrative Procedures Act; and 28 U.S.C. §1361, the Mandamus Act.

III.

VENUE

3. Venue is authorized by 28 U.S.C. §1391 (e), which provides that a civil action in which Respondent is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial

district in which… the Petitioner resides. The Plaintiffs seek adjudication of Mother's Form I-485, Application to Register Permanent Residence or Adjust Status, pursuant to 8 U.S.C. § 1255. Plaintiffs reside at 3000 Upton Drive, Kensington, MD 20895. Plaintiffs' applications are being adjudicated by the USCIS District Field Office in Baltimore, Maryland.

### IV.

### PETITIONERS

4. Son is a 40 year old United States Citizen.  Mother is a 62 year old citizen of El Salvador who initially entered the United States in 1998.  Mother presently enjoys Temporary Protected Status ("TPS").[1]

### V.

### RESPONDENTS

5. Respondent Wolf is the Acting Secretary of the Department of Homeland Security whose office address is 245 Murray Lane, Building 410, SW, Washington, DC 20528. Respondent Cuccinelli is the Acting Director of United States Citizenship and Immigration Services USCIS, 20 Massachusetts Ave, NW, Washington, DC 20529. Respondent Gregory Collett is the duly appointed Services Chief and Acting Field Office Director of the USCIS District Office in Baltimore, Maryland whose office address is 31 Hopkins Plaza, Baltimore, MD 21201.

.

---

[1] The government recently automatically extended the valid status for all TPS beneficiaries from El Salvador, and Mother's present TPS designation is scheduled to expire in January, 2021.

6.	Each Defendant is sued in his or her official capacity. Defendants are responsible for the adjudication of Plaintiffs' applications to Register Permanent Residence or Adjust Status pursuant to 8 U.S.C. § 1255.

VI.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.	No exhaustion of remedy requirement applies to the Plaintiffs' complaint. Nonetheless, Plaintiffs, through counsel, have written to USCIS asserting that the administrative closure was in error and requesting that the adjustment application be reopened.  *See* Ex. "1."  To date, there has been no response to that letter.

VII.

FACTUAL ALLEGATIONS

8.	On September 3, 2013, Son petitioned USCIS to classify his Mother as an immediate relative of a United States citizen through the filing of an I-130 petition. Said Petition was granted on February 2, 2014.

9.	Simultaneous with the filing of the I-130 Petition, Mother filed an I-485 application for adjustment. On July 18, 2017, nearly four (4) years after its submission, USCIS issued a Notice of Administrative Closure asserting that it did not have jurisdiction to adjudicate the adjustment application.

10.	USCIS' letter of administrative closure claimed it lacked jurisdiction because only the "Immigration Judge has jurisdiction to grant or deny a Form I-485 in any case in which the applicant (other than an "arriving alien") is a respondent in a section 240 removal proceeding."

11.     The pertinent facts regarding whether USCIS has jurisdiction to act on Mother's adjustment application are as follows:

    A.     Mother was placed in immigration removal proceedings by way of a Notice to Appear ("NTA") dated November 21, 2003[2] (Ex. 2)[3];

    B.     Mother, at the time she was placed in removal proceedings, was a Temporary Protected Status ("TPS") beneficiary (Ex. 3);

    C.     Because she was a TPS beneficiary, removal proceedings against the Mother were administratively closed by joint request of Mother and the government (Ex. 4);

    D.     Mother has continuously maintained her TPS status since her initial grant on December 3, 2001;

    E.     On May 28, 2013, Mother traveled to El Salvador on a grant of advance parole (*See* Passport with Visa Stamps, Ex. 5);

    F.     Mother returned from El Salvador on June 23, 2013, and was inspected by immigration officials at Dulles airport (Ex. 6); and,

    G.     Mother has never been arrested anywhere in the world and, aside from USCIS' determination that it lacks jurisdiction, Mother is eligible to have her adjustment application granted.

    H.     USCIS approved the Form I-130 visa petition on February 2, 2014 (Ex. 7);

---

[2] The NTA was issued nearly 5 years after the date of entry alleged in the NTA because border officials came into contact with mother when she arrived to accept custody of her daughter who had recently entered the United States.

[3] Many of the exhibits were obtained by a FOIA, and were produced with Bates style numbering in the lower right hand portion of the document.

       I.       USCIS has declined to adjudicate the Form I-485 Adjustment Application on the grounds that it lacks jurisdiction to do so (Exs. 8 and 9);

VIII.

STATUTORY AND REGULATORY FRAMEWORK

12. According to 8 C.F.R. §§ 245.2(a)(1) (USCIS) and 1245.2(a)(1) gives USCIS sole jurisdiction over adjustment applications of "arriving aliens."[4]  8 C.F.R. §§ 1.2 and 1001.1(q) defines "arriving alien" as:

> "[A]n applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport. An arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act, and even after such parole is terminated or revoked."[5]

13. Thus, an "arriving alien" is either someone who attempted an entry at a port of entry but was not admitted.  Parolees fall within this definition because, at a port of entry, they are permitted to enter but are not admitted.  *See* INA § 101(a)(13)(B) and INA § 212(D)(5) (specifying that a noncitizen who is paroled is not considered "admitted").  *See also, Matter of Oseiwusu*, 22 I&N Dec. 19 (BIA 1998).

IX.

CLAIM FOR RELIEF

14. USCIS' website contends that current processing times for adjustment applications is 13.5 to 34.5 months.  *See* <https://egov.uscis.gov/processing-times/> (Ex. 11.).

---

[4] 8 C.F.R. § 1245.2(a)(1) provides one exception where an immigration judge, and not USCIS has jurisdiction over an adjustment application of an "arriving alien" who was placed in removal proceedings.  That exception applies when an applicant has been placed in removal proceedings after denial of the adjustment application by USCIS.
[5] The USCIS internal memo generated in connection with consideration of Mother's adjustment application notably states that only an immigration judge has jurisdiction to adjudicate an adjustment application except in the case for an "arriving alien." Ex. 10.

When Plaintiffs' applications were originally filed in 2013, USCIS' processing times for family-based adjustment of status applications were significantly shorter.

15. According to 8 U.S.C. § 1571(b), Congressional intent is that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except for petitions for a nonimmigrant visa under section 1184(c) of this title which should be processed not later than 30 days after the filing of the petition.

16. Plaintiffs are not asking this Court to order USCIS to approve their pending applications to adjust status; instead, Plaintiffs are merely asking this Court to order USCIS to adjudicate their applications.

17. If for some reason USCIS has delayed adjudication of Plaintiffs' cases because Plaintiffs present a security risk to the United States, then it behooves USCIS to determine if this is the case quickly since Plaintiffs are in the interior of this country.

18. Based on the foregoing, Petitioners allege that Respondents have willfully, unreasonably, and unnecessarily declined to adjudicate the I-485 adjustment application. This refusal has subjected Petitioners to significant hardship.

19. The Respondents owe a duty to Petitioners to act upon the adjustment application that was filed. *Patel v. Reno*, 134 F.3d 929 (9th Cir. 1998). The Respondents have unreasonably refused to perform that duty despite the fact that Petitioners have provided all pertinent and relevant information regarding the particulars of these specific cases and they are entitled to have the petitions adjudicated.

20. Petitioners have exhausted all administrative remedies that exist and no other remedy is available to them for purposes of addressing Respondents delay in and/or refusal to adjudicate the pending application.

WHEREFORRE, Petitioner prays that this Court:

1. Assume jurisdiction of this cause;
2. Enter an order that this cause be maintained as an individual action;
3. Declare that Respondents inaction is an arbitrary and capricious abuse of discretion;
4. Compel Respondents and those acting under them to perform their duty to act upon the Application for Adjustment of Status.
5. Grant other and further relief as this Court deems proper under the circumstances.

                                            Respectfully submitted,
                                            **ABOD & CARUSO, LLC**


                                            __/s/ Aaron R. Caruso_____
                                            Aaron R. Caruso, Esquire
                                            Bar# 11599
                                            2200A University Blvd W
                                            Wheaton, MD 20902
                                            (T) (202) 462-9701
                                            (F) (202) 609-9921
                                            Arc@AbodCarusoLaw.com
                                            Attorney for Plaintiff